Lionel Z. Glancy (#134180)
Michael Goldberg (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Proposed Liaison Counsel*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE MALLEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC., DIRK KUYPER, PETER C. WULFF, MORTIMER BERKOWITZ, III, HEALTHPOINT CAPITAL PARTNERS, LLP, and HEALTHPOINT CAPITAL PARTNERS II, LLP,<br><br>Defendants. | No. 3:10-CV-1673-BEN-JMA<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**<br><br>Hon. Roger T. Benitez<br>Date: November 29, 2010<br>Time: 10:30 a.m.<br>Ctrm: 3 |

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

NO. 3:10-CV-1673 MEMO IN SUPP. OF MOTION OF THE FRESNO CO. EMPL. RET. ASS'N FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

## I.   INTRODUCTION

The Fresno County Employees' Retirement Association ("FCERA" or "Movant") suffered substantial losses as a result of its investment in the common stock of Alphatec Holdings, Inc. ("Alphatec") between December 18, 2009 and August 5, 2010, inclusive (the "Class Period"). FCERA respectfully submits this memorandum in support of its motion (1) to be appointed lead plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act ("PSLRA"); and (2) for approval of its selection of the law firms of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as lead counsel for the class and Glancy Binkow & Goldberg LLP ("Glancy Binkow") as liaison counsel.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff, from among those seeking such appointment who otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the movant or group of movants with the largest financial interest in the litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B).

The present matter is a class action that alleges violations of the Exchange Act. The PSLRA establishes a three-step procedure for the selection of lead plaintiffs to oversee class actions brought under the Exchange Act. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). First, the PSLRA provides that within 20 days after the date on which a securities fraud class action is filed, the initial plaintiff is required to publish a notice advising potential plaintiff class members of the pendency of the action, the claims, the purported class period, and that any member of the class may file a motion with the Court to serve as lead plaintiff no later than 60 days from the publication of that original notice. 15 U.S.C. § 78u-4(a)(3)(A)(ii). Notice of the above-captioned action (the "Action") was published on August 11, 2010. *See* Declaration of Lionel Z. Glancy ("Glancy Decl."), Ex. A.

Next, the PSLRA instructs the Court to appoint the "most adequate plaintiff"

1  to serve as lead plaintiff for the class. The PSLRA provides that the Court shall
2  presume to be the lead plaintiff the person or persons who: (1) have either filed a
3  complaint or moved for lead plaintiff in response to a notice; (2) "ha[ve] the largest
4  financial interest in the relief sought"; and (3) satisfy the typicality and adequacy
5  requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

6  Finally, after the presumptive lead plaintiff has been identified, other class
7  members have "an opportunity to rebut the presumptive lead plaintiff's showing
8  that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306
9  F. 3d at 730.

10  For the reasons set forth below, FCERA is the "most adequate plaintiff"
11  under the PSLRA to serve as lead plaintiff in this Action. FCERA alleges that it
12  has the largest financial interest in the relief sought by this Action by virtue of its
13  losses of approximately $406,204.20 from its purchases of shares in the securities
14  which are the subject of this action. *See* Glancy Decl., Ex. B. FCERA further
15  satisfies the relevant requirements of Rule 23 as an adequate class representative
16  with claims typical of the other purchasers of the securities at issue in the Action.
17  Moreover, FCERA is a sophisticated public pension fund, experienced in
18  conducting and supervising counsel in complex litigation. Additionally, FCERA's
19  selection of Cohen Milstein as lead counsel should be approved because it, as the
20  presumptive lead plaintiff, has selected competent counsel. Cohen Milstein has
21  extensive experience in the prosecution of securities class actions and will
22  adequately represent the interests of all class members as lead counsel. *See* Glancy
23  Decl., Ex. C.

## II.   FACTUAL BACKGROUND

25  Alphatec Holdings, Inc. ("Alphatec") designs, develops, manufactures and
26  markets products for the surgical treatment of spinal disorders. The complaint in
27  the Action (the "Complaint") alleges that on December 17, 2009, the Company
28  announced that it was going to acquire Scient'x, S.A. ("Scient'x") from Healthpoint

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

NO. 3:10-CV-1673 MEMO IN SUPP. OF MOTION OF THE FRESNO CO. EMPL. RET. ASS'N FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL                                                      - 2 -

Capital Partners, L.P. and Healthpoint Capital Partners II, L.P. (collectively, "Healthpoint"), which then owned 38% of Alphatec's shares, in an all-stock transaction. With respect to the proposed transaction, Defendants praised the Scient'x acquisition and announced that the Company expected 2010 *pro forma* full-year revenue of $220 million to $225 million, and adjusted EBITDA of $32 million to $35 million. On this news, Alphatec's shares rose 8%. Defendants reiterated their aggressive revenue projections, and the synergies to be gained from the Scient'x acquisition, throughout the Class Period.

As further alleged in the Complaint, Defendants made these statements to increase interest in Alphatec's stock, so that Alphatec and Healthpoint could sell off a significant number of their Alphatec shares at the highest price possible in a public offering (the "Offering"). In fact, Defendants' statements were unrealistic for at least the following reasons: (a) pricing pressures were steadily increasing; (b) Alphatec planned to dispose of its Asian distributor without any realistic plan to replace the revenues the distributor produced; (c) Scient'x had exhibited almost no revenue growth in the first nine months of 2009, and its ability to market and sell in 2010 would be disrupted by any acquisition; and (d) integrating the two companies had already been delayed and would continue to be delayed, which would negatively affect 2010 revenues. On March 26, 2010, Alphatec closed the Scient'x acquisition. On April 12, 2010, the Company announced the Offering, wherein Alphatec and Healthpoint would each sell 8 million shares. The Offering closed on April 21, 2010 and, with over-allotments, Alphatec and Healthpoint each sold 9.2 million shares, for $46 million in gross proceeds.

On August 5, 2010, Alphatec announced disappointing quarterly results and an extreme revision of its prior projections. As a result, Alphatec's share price dropped 46%, to close at $2.39 per share, resulting in a loss of shareholder value of over $200 million in one trading day.

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

NO. 3:10-CV-1673 MEMO IN SUPP. OF MOTION OF THE FRESNO CO. EMPL. RET. ASS'N FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL - 3 -

### III. PROCEDURAL HISTORY

Plaintiff Stephanie Mallen commenced Civil Action No. 3:10-cv-1673 on August 10, 2010, and on August 11, 2010, counsel for plaintiff published a notice of the pendency of plaintiff's case on *BusinessWire*, a widely circulated national business-oriented wire service. *See* Glancy Decl., Ex. A.

Movant brings the instant motion pursuant to plaintiff's notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the August 11, 2010 notice.

### IV. ARGUMENT

#### A. FCERA Should Be Appointed as Lead Plaintiff in the Action

##### 1. FCERA's Motion Is Timely

As noted *supra*, in compliance with the PSLRA, FCERA is timely filing its motion for appointment as lead plaintiff within 60 days of the August 11, 2010 publication of the PSLRA notice.

##### 2. FCERA Believes That It Possesses the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts:

> [S]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA requires this Court to adopt a rebuttable presumption that the most adequate plaintiff in any private action arising under the Exchange Act is the person or group of persons that has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (bb). Congress reasoned that increasing the role of larger investors, which typically have a larger financial stake in the outcome of the litigation, would be beneficial because investors with a large financial stake are more apt to effectively manage complex

COHEN MILSTEIN SELLERS & TOLL PLLC ATTORNEYS AT LAW

NO. 3:10-CV-1673 MEMO IN SUPP. OF MOTION OF THE FRESNO CO. EMPL. RET. ASS'N FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL     - 4 -

1  securities litigation. *See* H.R. Conference Report on the Private Securities
2  Litigation Reform Act of 1995, H.R. Rep. No. 104-369 at 34 (1995) ("[C]lass
3  members with large amounts at stake will represent the interests of the plaintiff
4  class more effectively than class members with small amounts at stake."); *see also*
5  *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999)
6  ("[b]y emphasizing financial stake, the PSLRA establishes a preference that
7  sophisticated institutional investors direct the course of securities cases") (citations
8  omitted).  Thus, FCERA, which has suffered losses of approximately $406,204.20
9  as a result of its purchases of Alphatec stock during the Class Period, has a large
10 amount at stake in the outcome of this litigation. *See* Glancy Decl., Ex. B.  It is
11 exactly the type of lead plaintiff envisioned by Congress and should be appointed
12 here.

### 3. FCERA is Otherwise Qualified Under Rule 23

The PSLRA provides that, at the outset of the litigation, lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii) (I)(cc).  With respect to the qualifications of the class representative, Rule 23(a) requires generally that the plaintiff's claims be typical of the claims of the class and that the representative fairly and adequately protect the interests of the class.  As detailed below, FCERA satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed as lead plaintiff here.

The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct by defendants, and (3) their claims are based on the same legal issues. *Hanon v. Dataproducts Corp.*, 976 F. 2d 497, 508 (9th Cir. 1992).  The Ninth Circuit has held that Rule 23(a)(3) should be interpreted somewhat permissively and that "'representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

NO. 3:10-CV-1673 MEMO IN SUPP. OF MOTION OF THE FRESNO CO. EMPL. RET. ASS'N FOR APPT.  AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL                                                                                                  - 5 -

1 be substantially identical.'" *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1184 (9th Cir. 2007) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1997)).

Here, the questions of law and fact common to the members of the class that predominate over questions that may affect individual class members include the following:

    (i)    whether the Exchange Act was violated by Defendants;

    (ii)    whether Defendants made false statements and/or omissions;

    (iii)    whether Defendants' statements were made with the requisite scienter; and

    (iv)    whether the members of the class have sustained damages and, if so, what is the proper measure of damages.

As a result, there is a well-defined community of interest in the questions of law and fact involved in this case. The claims asserted by FCERA are typical of the claims of the members of the proposed class; indeed FCERA purchased shares of Alphatec both on the open market and in the Offering, and thus has standing to assert claims under both the Exchange Act and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933. Because the claims asserted by Alphatec are based on the same legal theories and arise "'from the same event or practice or course of conduct that gives rise to the claims of other class members,'" typicality is satisfied. *Roshandel*, 554 F. Supp. 2d at 1204 (citation omitted).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Hanlon*, 150 F.3d at 1020. In order to satisfy this requirement, a prospective lead plaintiff must show that he, she or it does not have any conflicts of interest with other class members and that the plaintiff and counsel will vigorously prosecute the case. *Buus v. WaMu Pension Plan*, 251 F.R.D. 578 (W.D. Wash. 2008).

Here, FCERA will more than adequately represent and protect the interests of

COHEN MILSTEIN SELLERS & TOLL PLLC ATTORNEYS AT LAW

NO. 3:10-CV-1673 MEMO IN SUPP. OF MOTION OF THE FRESNO CO. EMPL. RET. ASS'N FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL - 6 -

1  the class.  First, its interests are clearly aligned with the members of the proposed
2  class and there is no evidence of any antagonism between its interests and the
3  interests of the proposed class members.  Second, as detailed above, it shares
4  substantially similar questions of law and fact with the members of the proposed
5  class and its claims are typical of the members of the class.  Third, FCERA has
6  amply demonstrated that it will adequately serve as class representative by signing
7  a sworn certification affirming its willingness to serve as, and assume the
8  responsibilities of, a class representative.  *See* Glancy Decl., Ex. B.  Finally,
9  FCERA has retained and selected Cohen Milstein, a firm that is highly experienced
10 in prosecuting securities class actions, to vigorously prosecute this action on behalf
11 of the class.  *See* Glancy Decl., Ex. C.  Therefore, FCERA satisfies the
12 requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as
13 lead plaintiff in this action and should be appointed as such pursuant to 15 U.S.C. §
14 78u-4(a)(3)(B).

### B.   The Court Should Approve FCERA's Choice of Counsel

16  The PSLRA vests authority in the lead plaintiff to select and retain lead
17 counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v);
18 *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the lead
19 plaintiff's choice of counsel unless necessary to "protect the interests of the class."
20 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, FCERA has selected the law firm of
21 Cohen Milstein to represent the class.  Cohen Milstein has successfully prosecuted
22 numerous securities class actions on behalf of injured investors.  *See* Glancy Decl.,
23 Ex. C.  In addition, IPERS has selected the law firm of Glancy Binkow to serve as
24 liaison counsel for the class.  This firm is similarly experienced in the successful
25 prosecution of securities class actions on behalf of injured investors and will work
26 cooperatively and diligently with lead counsel to achieve the best and most
27 equitable result for the class.  *See* Glancy Decl., Ex. D.
28  Cohen Milstein has worldwide expertise as counsel for U.S. and non-U.S.

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

NO. 3:10-CV-1673 MEMO IN SUPP. OF MOTION OF THE FRESNO CO. EMPL. RET. ASS'N FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL                                                     - 7 -

institutional investors who have been the victims of securities fraud. By applying innovative legal theories and litigation strategies, it has recovered billions of dollars for its clients in some of the largest and most complex securities fraud actions. Most recently, Cohen Milstein successfully negotiated two partial settlements totaling approximately $90 million in *In re Parmalat Sec. Litig.*, No. 04-cv-1653 (S.D.N.Y.). Cohen Milstein also recently achieved an historic settlement of $145 million for U.S. and foreign investors *In re SCOR Holding (Switzerland) AG (F/K/A Converium Holding AG) Sec. Litig.*, No. 04-cv-7897 (S.D.N.Y.). Additional significant securities settlements obtained by Cohen Milstein, acting as lead or co-lead counsel, include: *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 03-cv-4080 (S.D.N.Y) (settlement of $125 million); *In re Verisign, Corp. Sec. Litig.*, No. 02-cv-2270 (N.D. Cal.) (settlement of $78 million); *In re Southmark Sec. Litig.*, No. 3-89-1387 (N.D. Tex.) (settlement of $70 million); *In re Globalstar Sec. Litig.*, No. 07-cv-00976 (S.D.N.Y) (settlement of $20 million, negotiated near the end of the second week of the trial in the case); *In re Chicago Bridge and Iron Co. Sec. Litig.*, No. 06-cv-0183 (S.D.N.Y.) (settlement of $10.5 million and the defendant agreed to enact corporate governance reforms). Cohen Milstein also has extensive experience in diligently prosecuting securities law claims on behalf of purchasers of mortgage-backed securities, and developed the underlying theories of liability in these cases.[1]

## V. CONCLUSION

For all the foregoing reasons, FCERA respectfully requests that the Court: (i) appoint it as lead plaintiff in the Action pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA; and (ii) approve its selection of the law firms of Cohen Milstein to serve as lead counsel and Glancy Binkow to serve as liaison counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

---

[1] Cohen Milstein is Lead Counsel in *In re Dynex Capital, Inc. Sec. Litig.*, No. 05-cv-1897-HB (S.D.N.Y.), one of the earliest asset-backed securities fraud cases.

COHEN MILSTEIN SELLERS & TOLL PLLC ATTORNEYS AT LAW

NO. 3:10-CV-1673 MEMO IN SUPP. OF MOTION OF THE FRESNO CO. EMPL. RET. ASS'N FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL - 8 -

| | | |
|---|---|---|
| 1 | Dated:  October 12, 2010 | Respectfully submitted, |

**GLANCY BINKOW & GOLDBERG LLP**

/s/ Lionel Z. Glancy
Michael Goldberg
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California  90067
Tel.:  (310) 201-9150
Fax:  (310) 201-9160

*Proposed Liaison Counsel*

Steven J. Toll
Daniel S. Sommers
Julie Goldsmith Reiser
**COHEN MILSTEIN SELLERS
   & TOLL PLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel.:  (202) 408-4600
Fax:  (202) 408-4699

*Attorneys for the Fresno County Employees' Retirement Association and Proposed Lead Counsel*

COHEN MILSTEIN SELLERS & TOLL PLLC
ATTORNEYS AT LAW

NO. 3:10-CV-1673 MEMO IN SUPP. OF MOTION OF THE FRESNO CO. EMPL. RET. ASS'N FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL                                                                                                          - 9 -

**PROOF OF SERVICE BY ELECTRONIC POSTING
AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On October 12, 2010, I caused to be served the following documents on each ECF-registered party listed on the attached service list in the Action by posting such documents electronically to the ECF website of the United States District Court for the Southern District of California:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

and upon all others not so-registered:

See Attached Service list.

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 12, 2010, at Los Angeles, California.

*s/Lionel Z. Glancy*
Lionel Z. Glancy

# Mailing Information for a Case 3:10-cv-01673-BEN -JMA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Nathan Lake**
  david@lakelawpc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

**SERVICE LIST (CONTINUED)**

**PARTIES RECEIVING NOTICE VIA U.S. MAIL**

**(NOT ON COURT'S ECF SYSTEM)**

Mail service is made on the last known address or believed-to-be current address of the following parties:

**FOR DEFENDANTS**

Alphatec Holdings, Inc.
5818 El Camino Real
Carlsbad, CA 92008

*For Alphatec Holdings, Inc., Dirk Kuyper & Mortimer Berkowitz, III*

Healthpoint Capital Partners, LLP
505 park Avenue
12th Floor
New York, NY 10022

*For Healthpoint Capital Partners, LLP & Healthpoint Capital Partners II, LLP*