FILED

11 JAN 19 AM 9:41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STEPHANIE MALLEN, | CASE NO. 10cv1673 BEN (CAB) |
|---|---|
| Plaintiff, | ORDER GRANTING UNOPPOSED MOTION TO APPOINT FCERA AS LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL |
| vs. | |
| ALPHATEC HOLDING, INC., et al., | |
| Defendant. | |

## INTRODUCTION

Plaintiff Stephanie Mallen filed this case on August 10, 2010 as a class action, alleging violations of the Securities and Exchange Act of 1934. Plaintiff published a notice of the pendency of the action on August 11, 2010. Pursuant to that notice of pendency and the provisions of the Exchange Act as amended by the Private Securities Litigation Reform Act, the Fresno County Employees' Retirement Association ("FCERA") now moves to be appointed as lead plaintiff and for approval of its selection of lead counsel. No opposition has been filed and no other plaintiffs have sought appointment as lead plaintiff. For the reasons set forth below, FCERA's motion is **GRANTED**.

///

///

# BACKGROUND

Plaintiff alleges that Defendants made unrealistic revenue statements related to the acquisition of Scient'x, S.A. in an effort to increase interest in Alphatec's stock. Plaintiff alleges these false statements allowed Defendants to sell off significant shares at the highest possible price in a public offering. Defendants allegedly grossed $46 million in proceeds in the offering. A few months later, Alphatec announced extreme revision of its prior projections causing the share price to drop 46%.

# DISCUSSION

## I. Appointment of Lead Plaintiff

FCERA moves pursuant to the Exchange Act as amended by the PSLRA to be appointed as lead plaintiff and for approval of its selection of lead counsel. The PSLRA establishes a three-step procedure for the selection of lead plaintiffs. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

First, "the first plaintiff to file an action covered by the [PSLRA] must post a notice 'in a widely circulated national business-oriented publication or wire service.'" *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(A)(I)). A potential lead plaintiff then has sixty days from the date of publication of the notice to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(3)(A)(i)(II); *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. 2010). The first step has been satisfied. Plaintiff Stephanie Mallen published a notice of the pendency of this action on *BusinessWire* on August 11, 2010. FCERA moved for appointment as lead plaintiff within 60 days. No other potential lead plaintiff has moved to serve as lead plaintiff.

Second, the Court must identify "the 'presumptively most adequate plaintiff,'" *i.e.*, "the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *In re Cavanaugh*, 306 F.3d at 730. The Court must determine which Plaintiff has the most to gain from the lawsuit and then determine if that plaintiff "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* "If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff." *Id.*

///

FCERA estimates it has suffered $406,204.20 in losses as a result of it purchases of Alphatec stock during the identified period. No other plaintiff has come forward with information as to an amount of loss, leaving the Court to conclude, based on the record available, that FCERA "has the largest financial interest in the relief sought by the class." *Id.*

As to the typicality and adequacy of representation under Rule 23(a), "the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, [but] the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factors. *Zhu*, 682 F. Supp. 2d at 1053. FCERA "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* FCERA meets the typicality requirement because FCERA has suffered the same injuries as absent class members — losses on shares purchased on both the open market and in the offering based on Defendants' false statements. FCERA also meets the adequacy of representation requirement because there is no indication that FCERA has any conflicts of interest with other class members and FCERA has chosen qualified and competent counsel. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Third, other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 730. No other plaintiff has challenged FCERA's showing that is satisfies the typicality and adequacy requirements. Accordingly, the Court finds FCERA is the most adequate plaintiff and **GRANTS** FCERA's motion for appointment as lead plaintiff under the PSLRA.

## II.    Approval of FCERA's Counsel

"While appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *In re Cavanaugh*, 306 F.3d at 734 (citing § 78u-4(a)(3)(B)(v) and *In re Cendant Corp. Litigation*, 264 F.3d 201, 273 (3rd Cir. 2001)). FCERA has selected Cohen Milstein as lead counsel and Glancy Binkow to serve as liaison counsel. The record before the Court demonstrates that both firms are experienced in securities litigation and have successfully prosecuted securities class actions. Accordingly, the Court approves FCERA's selection of Cohen Milstein as lead counsel and Glancy Binkow as liaison counsel pursuant to § 78u-4(a)(3)(B)(v).

## CONCLUSION

FCERA's motion for appointment as lead plaintiff and approval of its selection of lead counsel is **GRANTED**. FCERA is appointed as lead plaintiff under the PSLRA and the Court approves FCERA's selection of Cohen Milstein as lead counsel and Glancy Binkow as liaison counsel pursuant to § 78u-4(a)(3)(B)(v).

**IT IS SO ORDERED.**

DATED: January /8, 2011

Hon. Roger T. Benitez
United States District Court Judge